In the Matter of IRVING J. LANDSMAN, an Attorney, Respondent.

Second Department, March 19, 1937.

*Charles J. W. Meisel*, for the petitioners.

*John F. Hughes*, for the respondent.

PER CURIAM. There is ample proof in this case that respondent, admitted to the bar in 1931, was guilty of the following:

(1) Paying for the solicitation of negligence cases;

(2) Furnishing his representative (a) with retainer forms containing the name, in print, of another attorney in order to mislead persons in signing retainers; (b) with similar forms containing the name of no attorney, so that persons signing would not know who was retained;

(3) Destruction of his checks issued prior to November, 1934;

(4) Requesting a person summoned as a witness before Mr. Justice FABER, conducting an investigation pursuant to order of this court, to testify falsely.

Respondent in his answer denied the charges.

On the hearing before the official referee respondent was shifty, evasive and untruthful. The record consists of 335 pages. Respondent insisted that he did not pay any one for procuring cases for him. He did admit the destruction of certain checks. He admitted issuing retainer forms with the name of another attorney printed thereon; some of them being returned with that name struck out and no other name inserted, except in one instance, where a retainer was returned with the printed name intact. He testified that he did not realize the impropriety of this procedure at the time. He admitted furnishing retainers to his representative without his name thereon, and understood it was possible that it might be inferred that a solicitor might insert a name other than respondent's. He denied that he told a witness summoned before Mr. Justice FABER to testify falsely. This witness, on his direct examination, very clearly and firmly testified that respondent had requested him to testify falsely. On cross-examination, which was not impressive, the witness said it might have been some one else in respondent's office.

The official referee found that respondent had paid one Tepperman " as a runner to obtain cases for him;" that respondent had used printed blank retainers with the name of another attorney printed thereon; in some of the instances the name was crossed out by pen and ink, but in one of the instances the name was not even crossed out; therefore, the charge had been properly established to the effect that clients were not apprised that they were not employing the other attorney, but believed they were employing respondent, whose name was not written in the retainers bearing the other attorney's name. The official referee also found that respondent personally wrote in on a retainer, without authority, the name of a certain person as a witness.

As to the charge of attempted subornation of perjury, the official referee states that a careful reading of the testimony satisfied him that some one in respondent's office, if not the respondent himself,

advised the witness to testify falsely before Mr. Justice FABER. There was doubt in the official referee's mind whether the evidence sufficed to inflict punishment upon respondent because of that serious matter. A reading of the testimony by this court leaves it without any doubt. The official referee says that there are enough other acts to require discipline. It seems that because the respondent has practically ceased doing law " business," and has confined himself to a building operation, etc., the official referee was led to recommend a two years' suspension. However, in his brief on this application, the respondent suggests a desire to resume the practice of the law.

Despite respondent's denial as to payment for solicitation, he, in effect, now admits it by stating he is willing to abide by the recommendation of the official referee.

He knew that the payment of solicitors had been the subject of investigation and discipline in the borough of Manhattan in 1929.

There is no doubt of the guilt of this respondent in the matters above mentioned. Instead of frankly admitting his infractions, he has resisted the charges. And when he finds them practically conclusively proved, he is willing to abide by a recommendation of the official referee, who did not come to a definite conclusion as to the charge of attempted subornation of perjury, which the court finds was proved, and who did not seem fully to realize the import of the other charges. But, even now, respondent fails to be fair with the court. He does not admit that he paid a solicitor, but in his brief says he did not know he was doing wrong in taking cases recommended to him by a garage owner, the retainer being obtained by the man characterized by the official referee as his " runner."

Respondent, by misconduct in his practice and by his dishonest attitude before the court, has shown himself unworthy of the privilege of practicing his profession, and must be disbarred.

The respondent should be disbarred and his name ordered to be struck from the roll of attorneys.

Present — LAZANSKY, P. J., HAGARTY, DAVIS, ADEL and TAYLOR, JJ.

Respondent disbarred and his name ordered to be struck from the roll of attorneys.